

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00088-CR

WALTER ORELLANA, APPELLANT

V.

STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court of
Wilbarger County, Texas
Trial Court No. 12,452, Honorable Dan Mike Bird, Presiding

November 23, 2020

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

While Officer Sessions attempted to execute an arrest warrant upon Walter Orellana (appellant), the latter placed his SUV in reverse in effort to leave. By then, though, appellant had already provided the officer with a false identity and ignored the directive to exit the vehicle. So too had he experienced the officer opening the SUV's door and grasping him to effectuate the arrest. What then did appellant do? He responded by "reversing really fast" in the direction of a patrol car while kicking Sessions, who had jumped on the moving SUV's running board. Given the direction of appellant's

travel and the location of the squad car, Sessions realized he "was going to get crushed between my car and his door." Thus, he "feared for his life" and drew his weapon. It appears he fired it, as well, before the SUV collided with the patrol unit. The moving vehicle apparently stopped or slowed quickly after the collision without Sessions being injured. At that point, appellant reached for a sawed-off shotgun in the front of the Explorer. Sessions noticed that and began moving away while again firing his handgun. Soon he felt pellets from the shotgun hit him. He fell to the ground, rose, and continued to fire as he resumed his effort to find cover. The entirety of this event occurred over a matter of seconds as depicted in videos and still photos of it.

Appellant contends that he shot the officer in self-defense. The jury obviously rejected that contention when it opted to convict him of aggravated assault against a public servant by using a deadly weapon. Through one issue, appellant argues that the evidence was insufficient to support the rejection of his claimed defense. We affirm.

One is justified in using force against another "'when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force.'" *Braughton v. State*, 569 S.W.3d 592, 606 (Tex. Crim. App. 2018) (quoting TEX. PENAL CODE ANN. § 9.31(a)). However, the use of force is not justified when responding to verbal provocation alone or when the actor provoked the other's use or attempted use of unlawful force. *Id.*; TEX. PENAL CODE ANN. § 9.31(b) (West 2019).

Next, one claiming self-defense has the burden to produce evidence supporting it, while the State has the burden to disprove the issue. *Braughton v. State*, 569 S.W.3d at 608. The latter burden, though, does not require the production of evidence, but rather

2

only that the State prove its case beyond a reasonable doubt. *Id.* So, in addressing an issue like that at bar, we do not look at whether the State presented evidence refuting appellant's self-defense testimony; we instead determine if after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt and also would have found against appellant on the self-defense issue beyond a reasonable doubt. *Id.* at 608–09. That said, we return to the evidence of record mentioned within the opening paragraph of this opinion.

First, the evidence illustrated appellant shot a uniformed police officer who was attempting to execute an arrest warrant. That was the substance of the allegations in the State's indictment. Moreover, that is the substance of the crime of aggravated assault upon a public servant with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a) & (b)(2)(B) (West 2019) (stating that one commits aggravated assault when 1) committing assault upon someone he knows is a public servant while the servant is lawfully discharging an official duty and 2) uses or exhibits a deadly weapon during the assault).

Second, it may be true that Officer Sessions fired his weapon first, as appellant asserts. Yet, the jury had before it evidence from which it could reasonably conclude that appellant provoked him. Appellant both sped in reverse toward a stationary squad car with the officer hanging outside the moving vehicle and kicked at him. Seeing the possibility of being crushed, the officer reacted by drawing his weapon to end what he perceived to be an oncoming threat of injury or death. As said in *Braughton*, one is not justified in using force when he provokes the other's use or attempted use of unlawful force. *Braughton*, 569 S.W.3d at 606–07. A jury could reasonably conclude, beyond

reasonable doubt, that appellant's use of his vehicle as a device immediately threatening the life of a police officer can reasonably provoke the officer's use of force to protect himself.

Two other matters merit comment. First, when appellant reached for the sawed-off shotgun, he was in the midst of attempting to thwart Sessions's effort to arrest him pursuant to an outstanding warrant. Statute provides that one commits an offense if he intentionally flees from someone he knows is a peace officer attempting to lawfully arrest or detain him. TEX. PENAL CODE ANN. § 38.04(a). The grade of that offense ranges from a Class A misdemeanor to a second-degree felony, depending on the circumstances. *Id.* § 38.04(b) & (c). Thus, the jury had before it evidence negating appellant's contention "that he was not engaged in criminal activity at the time of the incident." *See id.* § 9.31(a)(3) (stating that an actor's belief that force was necessary is presumed reasonable if the actor, among other things, was not engaged in criminal activity other than a class C misdemeanor involving a traffic violation).

Second, among appellant's discussion of self-defense we find little dedicated to explaining why or how he believed Sessions's initial use of force was unlawful. The availability of self-defense depends upon whether the actor reasonably believed force was immediately necessary to protect against the use or attempted use of "unlawful force." *Id.* § 9.31(a). Little is said about Sessions lacking the authority to arrest one who is the subject of an outstanding arrest warrant. Nor is anything said about an officer's authority, or supposed lack thereof, to protect himself when, in effectuating an arrest, the arrestee engages in assaultive or deadly conduct. Similarly missing is discussion about an officer's authority, or supposed lack thereof, to utilize deadly force when attempting to

4

make an arrest. The latter two circumstances are especially telling since a peace officer may be justified in using deadly force against someone when he reasonably believes 1) the deadly force is immediately necessary to make a lawful arrest or prevent escape after arrest and 2) there is a substantial risk that the arrestee will cause death or serious injury to the officer. *See id.* § 9.51(c)(2). Again, the evidence before the jury included testimony that Sessions was attempting to arrest appellant per an outstanding warrant when appellant used his vehicle to place the officer in danger of serious injury, if not death. And, it is this very evidence which tends to negate the requirement that his force was motivated by the belief that Sessions engaged in "unlawful force" when Sessions sought to protect against being crushed and/or appellant escaping.

Thus, we hold that the jury had before it legally sufficient evidence upon which to conclude, beyond reasonable doubt, that appellant committed the assault with which he was charged and did so while not acting in self-defense. The sole issue is overruled, and the judgment affirmed.

Brian Quinn
Chief Justice

Do not publish.